STATE OF MISSOURI, Respondent, v. HENRY HAMBRIGHT, Appellant.

*Crimes—Dram-shops.*—The twenty-eighth section of the article relating to dram-shops, R. C. 1855, p. 687, applies only to parties having a dram-shop license.

*Appeal from St. Louis Criminal Court.*

S. *Voullaire*, for respondent.

C. G. *Mauro*, for appellant.

BAY, Judge, delivered the opinion of the court.

At the January term, 1861, of the St. Louis Criminal Court, defendant was indicted for selling intoxicating liquors in quantities less than one gallon without having a license therefor; the defendant plead not guilty. At the April term following the case was tried and submitted to the court, the parties waiving a jury, and defendant found guilty and fined fifty dollars.

The State introduced evidence showing that the defendant

sold intoxicating liquors, as charged in the indictment, on the 17th of December, 1860; and rested. The defendant then read in evidence a license dated November 15th, 1860, issued by the board of county commissioners of St. Louis county, authorizing defendant and one Johnson to keep a dram-shop at No. 59 North Fourth street, in the city of St. Louis, for the space of six months from that date. The State then read in evidence the record of the conviction of the defendant on the 7th of November, 1860, in said Criminal Court, upon an indictment charging him with having sold fermented and distilled liquors on the 9th day of September, 1860, it being the first day of the week commonly called Sunday. The object of the State in introducing this record of conviction was to show that the license introduced and relied upon by the defendant was void by reason of such conviction. The 28th sec. of the act regulating dram-shops is as follows:

"Any person having a license as a dram-shop keeper, who shall keep open such dram-shop, or shall sell, give away, or otherwise dispose of, or suffer the same to be done, upon or about his premises, any intoxicating liquors, in any quantity, on the first day of the week, commonly called Sunday, shall upon conviction thereof, in addition to the penalty now provided by law, forfeit such license, and shall not again be allowed to obtain a license to keep a dram-shop for the term of two years next thereafter."

It is not necessary in this case to determine whether a license granted in disregard of said section is void or merely voidable, for we have looked through the record in vain to find any evidence tending to show that the defendant, at the time of the commission of the offence for which he was convicted, as appears by the record introduced in evidence, was a licensed dram-shop keeper, and, unless he was licensed as such, the 28th section, above recited, has no application to him whatever.

The conviction was therefore wrong, and the judgment must be reversed and the cause remanded. The other judges concur.